IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY GILBERT, | : |
|             Petitioner, | : |
| | : |
| v. | :   CIVIL ACTION NO. 17-4883 |
| | : |
| TAMMY FERGASON, *et al.*, | : |
|             Respondents. | : |

## ORDER

**AND NOW,** this 19th day of February 2019, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1], all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas J. Rueter [Doc. 9], and Petitioner's Objections to the R&R [Doc. 11], it is hereby **ORDERED** that:

    1.    The R&R [Doc. 9] is **APPROVED** and **ADOPTED**[1];

---

[1] On October 2, 2000, Petitioner pled guilty to two counts of rape (persons less than 13 years old), one count of aggravated indecent assault, and one count of indecent assault. Petitioner received a sentence of 14 to 20 years of imprisonment. Petitioner did not file a direct appeal. His four state PCRA petitions were dismissed as untimely, the first being filed more than two years after his conviction became final. Petitioner then sought relief in this Court, asserting as grounds for relief: (1) "False Information to Authorities"; (2) Petitioner "was sentenced under an unknown statute code UN99999999 which is not in the state system"; (3) "Lack of DNA Evidence"; and (4) "5th Amendment[] Rights [were] Violated." R&R at 2-3.

The R&R correctly determined that Petitioner's federal habeas petition was untimely and was not subject to either statutory tolling or equitable tolling. Petitioner had one year from November 1, 2000—thirty days after petitioner's date of sentence—to file his federal petition, as he did not file a direct appeal. 28 U.S.C. § 2244(d). Petitioner did not seek relief in federal court until more than 15 years had passed. No statutory tolling applies to the instant case because the four state PCRA petitions were filed well after the expiration of his federal habeas filing deadline and were considered untimely by the state PCRA court. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not toll the statute of limitations because "the limitations period had already run when it was filed"); *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Equitable tolling does not apply because Petitioner has failed to show that extraordinary circumstances prevented him from timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418) (illustrating that a petitioner must prove equitable tolling by showing: "'(1) that he has been

2. Petitioner's Objections, which are labeled as "Petition for Reconsideration" [Doc. 11], are **OVERRULED**[2];

3. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

                **BY THE COURT:**

                **/s/ Cynthia M. Rufe**

                _____

                **CYNTHIA M. RUFE, J.**

---

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing").

[2] There is no need to consider Petitioner's objections, as they do not address the untimeliness of his habeas petition. *Bland v. Gilmore*, No. 15-6219, 2016 WL 3982315, at *1 n.1 (E.D. Pa. July 21, 2016).

[3] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted).